UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON POST, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JP RECOVERY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) **JURY DEMAND** |
| | ) |
| | ) |

## COMPLAINT

Now comes JASON POST ("Plaintiff"), complaining as to the conduct of JP RECOVERY SERVICES, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. § 1345.01 *et seq.*

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing in this District.

5. Defendant is a third-party debt collector incorporated in Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7. All of Defendant's actions described below took place in Ohio.

## FACTS SUPPORTING CAUSES OF ACTION

8. Plaintiff's mother incurred a debt for an oxygen tank used for personal medical purposes.

9. In early 2019, Plaintiff began to receive telephone calls from Defendant on his home phone regarding his mother's debt.

10. The calls came from 866-963-1623, a phone number regularly used by Defendant in connection with its debt collection activities.

11. During phone calls on January 17, 2019; February 6, 2019; and February 7, 2019, Plaintiff instructed Defendant to cease placing phone calls to him.

12. Nevertheless, Defendant continued to place phone calls to Plaintiff's home phone, including but not limited to a call placed on April 23, 2019.

13. Plaintiff has suffered annoyance, distress, and anxiety as a result of Defendant's calls.

14. Defendant's repeated phone calls to Plaintiff regarding his mother's debt caused him to worry about his mother's wellbeing.

**COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff realleges the paragraphs above as though fully set forth herein.

16. Plaintiff is "any person" under 15 U.S.C. 1692d and therefore has standing to bring this suit.

17. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

18. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a debt incurred for an oxygen tank used for medical purposes.

20. Defendant's actions violated § 1692d(5) because Defendant placed phone calls to Plaintiff repeatedly, and engaged him in conversation repeatedly, with the intent to harass, abuse, and annoy him.

21. Defendant's intent to harass is demonstrated in this case because Plaintiff informed Defendant on no fewer than three occasions not to contact him further, yet Defendant continued to place calls to Plaintiff.

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

22. Plaintiff realleges the above paragraphs as though fully set forth herein.

23. Defendant, as an Ohio corporation whose actions were taken in Ohio, is subject to Ohio consumer law.

24. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

25. Plaintiff is a "person" as defined by R.C. 1345.01(B).

26. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

27. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

28. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

29. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

30. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

31. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

32. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

33. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA by communicating with Plaintiff after being told to stop and by placing an oppressive number of telephone calls to Plaintiff.

34. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

35. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**c.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**d.** Awarding Plaintiff declaratory and injunctive relief pursuant to the CSPA;

**e.** Awarding Plaintiff statutory damages, actual damages, and treble and/or punitive damages plus costs and attorney fees pursuant to the CSPA; and

**f.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: April 22, 2020

> By: s/ Geoffrey Parker
> Geoffrey Parker (0096049)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> gparker@hiltonparker.com
> *Attorney for Plaintiff*